## The Attorney-General *versus* The President, &c., of the Germantown and Perkiomen Turnpike Road.

An act was passed authorizing a company to construct a turnpike and erect toll-gates, with no reservation for altering the charter; the company built the road and erected the gates. A subsequent act was passed requiring the company to remove their gates. *Held,* that the latter act was unconstitutional.

May 27th 1867. Before THOMPSON, READ and AGNEW, JJ. WOODWARD, C. J., and STRONG, J., absent.

In this case the Attorney-General filed a suggestion for a quo warranto to the President, Managers and Company to show by what warrant they claim the franchise, &c., to have and maintain their toll-house and gate No. 3, located opposite Rittenhouse street, at a point called Germantown, between the fifth and sixth mile-stones, on the turnpike of said company, and to continue to demand and receive toll thereat; to erect and maintain a toll-gate on the line of their said turnpike, between the gates at Chestnut Hill and Nicetown, in the county of Philadelphia.

The defendants pleaded that they were incorporated by Act of Assembly of February 12th 1801, to make a turnpike from Philadelphia through Germantown to Chestnut Hill and thence to the new stone bridge over Perkiomen creek in Montgomery county, and were authorized by the act, on the completion of the road, to erect and fix as many gates as would be necessary and sufficient to collect tolls from persons travelling on the road and to appoint toll-gatherers for the purpose; that they constructed the road and erected the toll-gate mentioned in the suggestion by virtue of the license in the act.

The attorney-general replied that the defendants were required to remove the toll-gate by an Act of Assembly passed March 14th 1867, as follows:—

"Whereas, It has been represented by a petition of citizens of Germantown, Twenty-second Ward of the City of Philadelphia, that a certain toll-house, belonging to the Germantown and Perkiomen Turnpike Company, is an obstruction, and is also injurious to private property in the vicinity in which it is located; therefore,

"Section 1. *Be it enacted, &c.,* That the said president and directors of the Germantown and Perkiomen Turnpike Company be and they are hereby required to remove, or cause to be removed, the toll-house and gate number three, located opposite Rittenhouse street, between the fifth and sixth mile-stones, on the said turnpike, at a point called Germantown.

"Sec. 2. That said company be obligated, and are hereby

[Attorney-General *v.* Germantown, &c., Turnpike Road.]

required, to remove, or cause to be removed, said toll-house and gate number three, situated opposite Rittenhouse street, between the fifth and sixth mile-stones, at Germantown, within sixty days after the passage of this act, under a penalty of five hundred dollars monthly thereafter, said penalty to be collected upon the proper affidavit of any one citizen of the ward, before a justice of the peace, and the said moneys so accruing shall be vested in the managers of the poor of said ward or township of Germantown, and that the said Perkiomen Turnpike Company shall not be allowed to erect any gate on the line of their said turnpike, between their gates at Chestnut Hill and Nicetown, Philadelphia county."

The defendants demurred to the replication because the act was in violation of the Constitutions of the United States and of Pennsylvania.

The Attorney-General joined in demurrer.

*W. R. Wister* and *Meredith,* for defendants, cited the Act of Incorporation; Dartmouth College *v.* Woodward, 4 Wheat. 518; Barter *v.* Commonwealth, 3 Pa. R. 260; Indiana Turnpike *v.* Phillips, 2 Id. 184; Commonwealth *v.* Mann, 5 W. & S. 403; Benner *v.* Phillips, 9 Id. 15; Commonwealth *v.* Cullen, 1 Harris 133; Brown *v.* Hummel, 6 Barr 86; Iron City Bank *v.* Pittsburg, 1 Wright 340.

*Brewster,* Attorney-General, for the Commonwealth.

The opinion was delivered May 29th 1867.

PER CURIAM.—The suggestion was filed in this case in order to test the right of the defendants " To have and maintain their toll-house and gate No. 3, located opposite Rittenhouse street, at a point called Germantown, between the fifth and sixth milestones," and their right " to continue to demand and receive toll thereat," &c.

To the suggestion the company plead an express authority in their act of incorporation to erect and maintain the said toll-house and gate, and to take toll thereat as it has been their practice to do. To this was replied, the special Act of Assembly of the 14th March 1867, in which, in the preamble, it is recited, that it had been represented by petition of inhabitants of the Twenty-second Ward of the city of Philadelphia, that the toll-house and gate in question " was an obstruction and also injurious to private property in the vicinity," and an enactment follows requiring the company to remove the same altogether from their road, under a monthly penalty of $500 per month " to be collected upon the proper affidavit of any citizen of the ward before a *justice of the peace,"* &c.

[Attorney-General *v.* Germantown, &c., Turnpike Road.]

To this replication there was a demurrer by the respondents.

There was no reservation in the original act to authorize such an interference with the rights of the corporation by the legislature as this. The Constitution gives no authority to take private property to suit private interests or wishes; nor even for public purposes, without compensation made or provided for. The act is, therefore, wholly void, being unconstitutional. On looking at the pleadings, the attorney-general at once abandoned the argument of the case, agreeing that there was no case against the company in the pleadings.

Judgment is, therefore, now to be entered for the respondents.

Judgment accordingly.